**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE AUTOMOTIVE INDUSTRIES WELFARE FUND, et al., <br><br> Plaintiffs, <br><br> v. <br><br> NORMAN GENTRY, individually & also known as NORM GENTRY doing business as NORM'S ELECTRICAL SUPPLY, <br><br> Defendant. _____/ | No. C-09-04946 EDL <br><br> **ORDER DENYING AS MOOT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT; GRANTING DEFENDANT'S MOTION TO SET ASIDE DEFAULT SUBJECT TO CERTAIN CONDITIONS; AND SETTING HEARING DATE FOR DEFENDANT'S MOTION TO TRANSFER** |

On March 26, 2010, the clerk of the court entered default against Defendant Norman Gentry. On August 11, 2010, Plaintiff filed a Motion for Default Judgment. On September 13, 2010, Defendant, who is proceeding pro se, filed a Motion to Set Aside Default. On October 19, 2010, the Court notified the parties that the motions would be decided without oral argument.

Plaintiff filed an opposition to Defendant's Motion to Set Aside Default, arguing that Defendant's motion did not establish good cause to set aside default, but recognizing that default judgments are generally disfavored. See TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 697 (9th Cir. 2001) ("More specifically, in applying the general terms of Rule 60(b) to default judgments, this Court has emphasized that such judgments are 'appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits.'") (quoting Falk v. Allen, 739 F.2d 461, 463 (9th Cir.1984)). Therefore, Plaintiff stated that it did not object to an order

1  granting Defendant's Motion to Set Aside Default, subject to certain conditions.  Defendant did not
2  file a reply in support of his motion.

3        Federal Rule of Civil Procedure 55(c) states, in relevant part: "The court may set aside an
4  entry of default for good cause. . . ."  The discretion of the court in setting aside an order of default
5  is especially broad, where, as here, a party seeks to set aside the entry of an order of default before
6  the entry of a default judgment. Mendoza v. Wight Vineyard Management, 783 F.2d 941, 945 (9th
7  Cir. 1986).  In evaluating a motion to set aside default rather than a default judgment, any doubt
8  should be resolved in favor of the motion to set aside the default so that cases may be decided on
9  their merits.  O'Connor v. State of Nev., 27 F.3d 357, 364 (9th Cir. 1994).

10        Because Plaintiff does not object to an order setting aside default and in light of the strong
11  preference for deciding matters on the merits, the Court finds that there is good cause to set aside
12  Defendant's default that was entered on March 26, 2010, subject to certain conditions.  Accordingly,
13  Plaintiff's Motion for Default Judgment is denied as moot.  No later than January 11, 2011,
14  Defendant shall serve and file his responsive pleading to Plaintiff's complaint.  If Defendant fails to
15  serve and file his responsive pleading by January 11, 2011, the clerk shall immediately enter
16  Defendant's default.  Thereafter, Plaintiff may re-file its Motion for Default Judgment, with notice
17  to Defendant, for hearing on January 25, 2011.

18        If Defendant has not done so already, he may wish to seek assistance from the Legal Help
19  Center, a free service of the Volunteer Legal Services Program, by calling 415.782.9000 x8657 or
20  signing up for an appointment on the 15th Floor of the Courthouse, Room 2796.  At the Legal Help
21  Center, Defendant  may speak with an attorney who may be able to provide basic legal help, but not
22  legal representation.  The Court also urges Defendant to obtain a copy of the Pro Se Handbook,
23  available free of charge from the Court's website (www.cand.uscourts.gov) or in the Clerk's Office
24  on the 16th Floor, 450 Golden Gate Avenue, San Francisco, CA.

25        The Court is mindful that on October 29, 2010, Defendant filed a Motion to Transfer this
26  case to the Eastern District of California, which he set for hearing on November 30, 2010.  Because
27  Defendant did not provide the required thirty-five day notice for his motion (see Civil L.R. 7-2(a)),
28  //

the Court will hear Defendant's Motion to Transfer on December 14, 2010 at 3:00 p.m.

**IT IS SO ORDERED.**

Dated: November 5, 2010

*Elizabeth D. Laporte*
ELIZABETH D. LAPORTE
United States Magistrate Judge

3